IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STATE OF NEW JERSEY and its Division of Investment, et al., Individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 03-2071-JWL |
| SPRINT CORPORATION, et al., | ) ) | This Document Relates to All Actions |
| Defendants. | ) ) | |

## **ORDER**

This case comes before the court on the motion of the lead plaintiff, the State of New Jersey and its Division of Investment ("plaintiff"), for an order compelling discovery responses from defendants (**doc. 139**). The court has reviewed plaintiff's motion, the responses of defendants William T. Esrey and Ronald T. LeMay (doc. 142) and of the Sprint defendants[1] (doc. 143), as well as plaintiff's reply (doc. 144). For the reasons set forth below, plaintiff's motion will be granted.

Plaintiff filed this class action suit on behalf of persons who purchased or acquired Sprint FON common stock or Sprint PCS common stock on the open market from March 1,

---

[1] For purposes of this order, "the Sprint defendants" include Sprint Corporation, DuBose Ausley, Warren L. Batts, Irvine O. Hockaday, Jr., Harold S. Hook, Linda Koch Lorimer, Charles E. Rice, Louis W. Smith, Stewart Turley, Arthur Krause, and J.P. Meyer. The term "defendants" shall include the Sprint defendants and defendants Esrey and LeMay.

2001 through January 29, 2003. Plaintiff alleges that defendants violated federal securities laws by making misleading statements regarding the ability of Esrey and LeMay to continue running the business, even after defendants were aware that Esrey and LeMay were facing imminent financial ruin, jeopardizing their ability to continue leading Sprint.

Plaintiff has served discovery requests which seek, among other things, certain financial information regarding Esrey and LeMay. The briefs filed in connection with the instant motion indicate that the Sprint defendants now have fully responded to these discovery requests. Although Esrey and LeMay have responded as well, they have limited the scope of their responses to only that information which was provided to Sprint's board of directors. Esrey and LeMay argue that only information that was available to the board of directors at the time the statements at issue were made is relevant to this action, and that forcing production of personal financial information would be unduly intrusive and burdensome, as well as irrelevant to any claim or defense at issue in this case.

Plaintiff argues that its allegations have put at issue all defendants' knowledge, not just those serving on Sprint's board of directors. The parties disagree as to whether the scope of this case has been limited by prior orders on motions to dismiss; plaintiff contends that knowledge is an element it must prove for all defendants, whereas Esrey and LeMay argue that the court's prior orders have limited the scope of this case only to the knowledge possessed by Sprint's board of directors. Respectfully, the court concludes that the argument advanced by Esrey and LeMay is unpersuasive.

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[2] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[3] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[4] The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[5] "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[6]

The information requested by plaintiff is relevant on its face. In short, the undersigned magistrate judge respectfully disagrees with the assertion by Esrey and LeMay

---

[2] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[3] *Id.*

[4] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

[5] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[6] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

that the prior orders of this court have limited the scope of this case to involve <u>only</u> the knowledge of Sprint's board of directors. The prior orders on motions to dismiss (docs. 82 & 97) refer generally to "defendants." The court has never stated that knowledge must only be proven as to certain defendants, and not others. Instead, the court has maintained that plaintiff must prove that "defendants" had knowledge of Esrey and LeMay's financial situations and the likelihood of them departing from their employment at Sprint. Contrary to Esrey and LeMay's contentions, the court has never limited the scope of this case, nor of discovery, to the knowledge possessed by those with the authority to make decisions about Esrey and LeMay's future employment. As this case is currently postured, the issue of whether all defendants knew material facts (regarding Esrey and LeMay's financial situations) at the time the allegedly misleading statements were made is central to the case. Therefore, the court concludes that the discovery sought by plaintiff is relevant on its face.

As these discovery requests appear relevant on their face, the burden shifts to Esrey and LeMay to show that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[7] The court concludes that Esrey and LeMay have not carried their burden. While the discovery sought does involve personal financial information that is clearly sensitive in nature, the potential harm disclosure might cause clearly does not outweigh the relevance of

---

[7] *Hammond.*, 216 F.R.D. at 672.

this information. As set forth above, the information sought is relevant to plaintiff's claims, which have not been so narrowed by the court as Esrey and LeMay suggest.[8]

To the extent that the court's order will require Esrey and LeMay to produce sensitive personal financial information, the court concludes, on its own motion, that good cause exists for entry of a protective order limiting the dissemination of that information. Therefore, the parties' attorneys shall confer in good faith and draft an appropriate protective order for the court's review and signature.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel **(doc. 139)** is granted. Defendants Esrey and LeMay shall fully respond to plaintiff's discovery requests by **August 5, 2005.**

2. By **August 1, 2005**, the parties shall submit to the court, by way of e-mail to *ksd_ohara_chambers@ksd.uscourts.gov* a proposed protective order to govern the production of the personal financial information at issue.

Dated this 25th day of July, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[8] Moreover, the court notes that Esrey and LeMay have not conceded the fact that the tax strategies or "shelters" used by them were improper, as plaintiff alleges. This is also an allegation regarding which plaintiff is entitled to conduct discovery; the information sought via these discovery requests may be highly probative as to that issue.