**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STATE OF NEW JERSEY AND ITS )<br>DIVISION OF INVESTMENT, et al., )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>SPRINT CORPORATION, et al., 　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants. )  | Civil Action No. 03-02071-JWL |

**CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

IT IS HEREBY ORDERED, upon a showing that good cause exists for entry of a protective order limiting the dissemination of Confidential information (as defined herein), with consent of all parties, that each of the parties, and any non-party, that, by itself or through its counsel, agrees to the terms of this Confidentiality Agreement and Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Confidential Information in the above-captioned action.

1.  Definitions.

    a.  The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person (as defined herein) that it reasonably and in good faith believes is confidential and/or competitively sensitive information – or, in the case of an individual producing person, that contains sensitive personal financial information – whose

        disclosure could impair the interests of the producing person.  Specifically, to designate Confidential Information "Confidential," the producing party must reasonably and in good faith believe that the Confidential Information reflects: (A) confidential design, manufacturing, or marketing plans, strategies, methods or information; (B) other sensitive non-public information that, if improperly disclosed, is likely to cause the producing party commercial harm; or (C), in the case of an individual producing person, sensitive personal financial information.

b.    The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

c.    The term "document" has the widest meaning accorded to it under the Federal Rules of Civil Procedure, and includes, but is not limited to, all written, printed, typed, recorded (including but not limited to audio, video, and digital recordings), pictorial, or graphic materials.  The term "document" includes all data that is electronically stored or maintained that is accessible through computers or other information retrieval systems or devices.  The term "document" includes the original version (or a copy of the original version if the original is unavailable); all copies, drafts, or versions that differ from the original (including but not limited to any notation, underlining, marking, or information not attached to the original); all drafts, whether or not they resulted in a final or

        distributed version; all revisions of drafts; and any preliminary or preparatory material, from whatever source, underlying, supporting, considered, or used in the preparation of any document. "Document" also includes any removable note or other attachment or exhibit affixed to any of the foregoing. A draft or non-identical copy is a separate document within the meaning of the term.

d.     The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

e.     The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

f.     The term "qualified person" means (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents; (ii) in-house lawyers of a party who are engaged in work related to this action, including necessary legal assistants and stenographic and clerical employees actually assisting these persons; (iii) outside independent experts and consultants who are assisting counsel identified in (i) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and

employed by them or their employer or organization; and (iv) the Court and the Court's personnel, including stenographic reporters.

    g.    The term "receiving person" means any person to whom information is disclosed in this action in response to any discovery method.

2.    This Agreement applies to all documents and information produced in this action by a producing person, regardless of whether such documents or information was produced prior to or after the entry of this Agreement.

3.    Confidential Information may be designated by any producing person as "Confidential" or "Highly Confidential". Moreover, parties may designate documents that are produced by non-parties and that contain Confidential Information as "Confidential" or "Highly Confidential". Any information supplied in documentary or other tangible form may be designated by the producing person or producing party as Confidential Information by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Any information designated as Confidential Information shall be maintained in confidence by any receiving person and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Agreement. Confidential Information may be disclosed only to qualified persons, with the exception of those persons identified in Paragraph 1(f)(iii). Disclosure to qualified persons under Paragraph 1(f)(iii) shall be governed by the provisions of Paragraph 7.

4.    All information or documents disclosed in this action, whether or not containing Confidential Information, shall be used solely for purposes of litigating this action and not in connection

with any other judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose. Any summary, compilation, note, or copy containing Confidential Information, and any electronic image or database containing Confidential Information shall be subject to the terms of the Agreement to the same extent as the material or information from which such summary, compilation, note, copy, electronic image or database is derived.

5.   In the event that any question is asked at a deposition or an evidentiary hearing that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition or, if so ordered by the Court at an evidentiary hearing, are persons who are qualified to receive the Confidential Information. Counsel for the person claiming confidentiality may designate portions of the deposition or hearing transcript as "Confidential" either at the deposition or, if so ordered by the Court at an evidentiary hearing, by making a statement for inclusion in the transcript, or within fifteen (15) business days after receipt of the transcript by notifying opposing counsel in writing. All such transcripts shall be treated as "Confidential" until fifteen (15) business days after receipt thereof by counsel for the parties and counsel for the witness. The reporter for any deposition or evidentiary hearing shall mark pages that contain testimony designated as Confidential Information, and such confidential portions of depositions or hearing transcripts shall be bound separately from non-confidential pages of depositions or hearing transcripts.

6.   A non-qualified person not otherwise permitted under this Agreement to have access to Confidential Information may be interviewed, may be examined as a witness at a deposition or an evidentiary hearing, may be shown, and may testify concerning, any Confidential Information, only if

counsel for the interviewing or examining party believes in good faith that such person has a need to review such material and that such person is either:

    a. identified on the face of the document as an author, addressee or person who has previously seen such Confidential Information;

    b. a current employee of the designating party;

    c. a deponent or witness to which the designating party has expressly agreed to disclosure; or

    d. a deponent or witness to whom disclosure is ordered by the Court.

7. Disclosure of Confidential Information may be made to experts who are actively assisting in the preparation and hearing of this action. Prior to disclosing any Confidential Information to any expert:

    a. Counsel for the party contemplating such disclosure shall determine that (1) disclosure to any expert of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (2) with the exception of work for the party contemplating such disclosure, the expert is not, and is not believed to intend to become (a) affiliated with or employed by; or (b) a provider of consulting services or business advice to, any entity that is or intends to be in the telecommunications business, including either wireline or wireless, (a "Competitor"), and (3) counsel has formed a good faith and informed belief that the individual has not

        previously violated any confidentiality agreement or order and is not likely to violate the terms of this Confidentiality Agreement.

    b.    At least five (5) business days prior to disclosure of Confidential Information to an expert, each such expert must execute an acknowledgment that he or she has reviewed this Agreement and agrees to be bound by its terms. Counsel for the party obtaining an expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and shall deliver to opposing counsel, at least five (5) business days prior to disclosure of Confidential Information, a copy of the executed Confidentiality Acknowledgment, along with a curriculum vitae setting forth: (1) the background and education of the expert; and (2) the expert's employment history and any relationship or affiliation the expert has or has had with any party or Competitor.

    c.    If a party who designates information as Confidential files and serves on counsel for the disclosing party, within five business days after receipt of the Confidentiality Acknowledgment, a motion for a protective order preventing disclosure of the designating party's Confidential Information to the particular expert, the disclosing party shall not disclose Confidential Information to such expert until and unless the Court has denied such motion.

8.    Inadvertent production of documents subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such

privilege(s). If the producing party determines that a document subject to one of the privileges or immunities in this paragraph has been inadvertently produced, the party shall notify the receiving party of that fact and provide the information required on a privilege log.

9. This Agreement is executed solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Agreement, nor the production of any documents or disclosure of any information pursuant to this Agreement, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Agreement; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

10. If the receiving person desires to disclose Confidential Information to a non-qualified person, or if it disagrees with the confidentiality designation by the producing person, then the receiving person shall so notify counsel for the producing person in writing. Counsel for the producing person and the receiving person shall first try to resolve such dispute within five (5) business days after receipt of the receiving person's notice. If the dispute cannot be resolved, the producing party shall file a motion within five (5) business days seeking a protective order that the contested Confidential or Highly Confidential designation is proper and that such disclosure may not take place because the need for such disclosure is not outweighed by the producing party's interest in limiting its dissemination. Pending a determination by the Court, such information shall be treated under this Agreement as Confidential Information as designated by the producing person.

11. No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Agreement shall not be deemed to prejudice any party in any way in any future application for a protective order.

12. Before filing any document under seal, a party must first, upon motion, obtain the Court's consent to file such document under seal. All documents containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

**FILED UNDER SEAL**

By order of the Court, entered on [date], this envelope is to remain sealed, and the Court, the Court's personnel and any receiving person shall not reveal the contents thereof to any person until further order of this Court.

All Confidential Information filed with the Court shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. In the event that the Court declines to allow documents to be filed under seal, a party wishing to present to the Court any document that contains Confidential Information may, by formal motion practice, seek to furnish such Confidential Information to the Court in private and may request that the motion, request, or application to which they relate be entertained in private and that all copies of documents containing Confidential Information be returned to the furnishing party following resolution of such motion, request or application.

13. If Confidential Information in the possession, custody or control of any receiving person is sought by subpoena or other form of discovery request or compulsory process, the receiving person to whom the process or discovery request is directed, shall (i) on or before the fifth business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing person; (ii) cooperate to the extent necessary to permit the producing person to seek to quash or modify such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing person consents in writing to production or the receiving person is required by a Court or court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

14. Upon final termination of this action, including all appeals, all parties and experts, consultants and qualified persons shall (i) return to the producing person or destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as, all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and data base tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable.  Outside counsel for each party shall be entitled to retain their attorney work product, including copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Agreement.

Case 2:03-cv-02071-JWL-JPO   Document 147   Filed 08/02/05   Page 11 of 12

Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

15. Except as specifically noted herein, this Agreement shall not limit a producing person's use of its own Confidential Information, nor shall this Agreement limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

16. The parties agree forthwith to submit this Confidentiality Agreement and Protective Order to the Court for approval and entry.

17. This Agreement shall survive and remain in full force and effect after termination of this action.

SO ORDERED:

Dated this 2nd day of August, 2005, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge


SCHIFFRIN & BARROWAY LLP

By    <u>/s/ Gregory M. Castaldo</u>
      Gregory M. Castaldo
      Three Bala Plaza East, Suite 400
      Bala Cynwyd, PA 19004
      Tele:   (610) 667-7706
Attorneys for Plaintiff State Of New Jersey
and its Division of Investment, et al.


SPENCER FANE BRITT & BROWNE
      Mark Thornhill
      Clay Barker

    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106-2140
    Tele: (816 ) 474-8100

CRAVATH, SWAINE & MOORE LLP

By   /s/ Ronald S. Rolfe
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019
    Tele: (212) 474-1000

Attorneys for Sprint Corporation
and the Individual Defendants
other than Esrey and LeMay

ROUSE HENDRICKS GERMAN MAY PC

By   /s/ Joselyn Verschelden
    Joselyn Verschelden    KS # 21626
    1010 Walnut Street, Suite 400
    Kansas City, MO 64106
    Tele: (816) 471-7700

KELLOGG, HUBER, HANSEN, TODD &
    EVANS, P.L.L.C.

By   /s/ Kevin J. Miller
    Kevin J. Miller
    Sumner Square
    1615 M Street, N.W., Suite 400
    Washington, D.C. 20036
    Tele: (202) 326-7900

Attorneys for Esrey and LeMay