# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**State of New Jersey and its**
**Division of Investment,**

      **Plaintiff,**

v.                                                     Case No. 03-2071-JWL

**Sprint Corporation; William T. Esrey;**
**Ronald T. LeMay; Harold S. Hook; Charles**
**E. Rice; Louis W. Smith; Linda Koch Lorimer;**
**Stewart Turley; DuBose Ausley; Warren L.**
**Batts; Irvine O. Hockaday, Jr.; Arthur Krause;**
**and J.P. Meyer,**

      **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed this class action suit on behalf of persons who purchased or acquired Sprint FON common stock or Sprint PCS common stock on the open market from March 1, 2001 through January 29, 2003. In its second amended complaint, plaintiff alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and the SEC's Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (fraud in connection with the sale of securities); and violations of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the SEC's Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9 (proxy statement misrepresentations). Plaintiff also asserts against the individual defendants claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), which imposes secondary liability upon persons who control persons primarily liable for violations of Section 10(b) and Rule 10b-5.

This matter is presently before the court on defendants Esrey and LeMay's motion to

review and objections to the magistrate judge's July 25, 2005 order granting plaintiff's motion to compel. As set forth in more detail below, the court, in large part, denies defendants' motion to review. The court remands plaintiff's motion to compel to the magistrate judge for the limited purpose of analyzing defendants' objections to the "overly broad" nature of the requests.

*Background*

Both the factual and procedural background of this case are somewhat lengthy and, in drafting this order, the court assumes the reader is familiar with two previous opinions in this case–*State of New Jersey and its Div. of Investment v. Sprint Corp*., 314 F .Supp. 2d 1119 (D. Kan. Apr. 23, 2004) and *State of New Jersey and its Div. of Investment v. Sprint Corp*., 2004 WL 1960130 (D. Kan. Sept. 3, 2004). In brief, Sprint stated in various SEC filings that it had entered into new employment contracts with its top two executives, defendants William T. Esrey and Ronald T. LeMay, "designed to insure their long-term employment with Sprint." According to plaintiff, the statements concerning the long-term employment of Mssrs. Esrey and LeMay were misleading when made because Sprint failed to disclose the possibility or inevitability that the employment of Mssrs. Esrey and LeMay might well be terminated as a result of certain "tax shelters" entered into by Mssrs. Esrey and LeMay or, more specifically, the "personal financial ruin" that Mssrs. Esrey and LeMay would face if those shelters were deemed invalid by the IRS which, in all likelihood, the IRS would do.

In its first request for production of documents, plaintiff sought to obtain documents concerning the "potential bankruptcy" of Mssrs. Esrey and LeMay as well as documents

2

concerning the tax shelters entered into by Mssrs. Esrey and LeMay. Mssrs. Esrey and LeMay objected to the requests on the grounds that the requests were not relevant to any claim or defense in the case and on the grounds that production would be unduly intrusive and burdensome. Plaintiff filed a motion to compel production of the documents and, on July 25, 2005, the magistrate judge granted the motion and ordered Mssrs. Esrey and LeMay to fully respond to the discovery requests. Mssrs. Esrey and LeMay object to the magistrate judge's order, contending that the magistrate judge erred in two respects.

Specifically, Mssrs. Esrey and LeMay contend that the magistrate judge erroneously concluded that Mssrs. Esrey's and LeMay's knowledge of material facts regarding their own financial situations at the time the allegedly misleading statements were made is relevant to plaintiff's claims. According to Mssrs. Esrey and LeMay, their personal financial information is only relevant to the extent that such information was known by Sprint's Board of Directors at the time the allegedly misleading statements were made. Mssrs. Esrey and LeMay further contend that the magistrate judge erroneously concluded that the documents requested by plaintiff "may be highly probative" as to the propriety or legality of the tax shelters. According to Mssrs. Esrey and LeMay, the propriety of the tax shelters is simply not an issue in the case.

*Applicable Standard*

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union*

3

*Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In the context of nondispositive discovery disputes, including the decision to grant a protective order pursuant to Federal Rule of Civil Procedure 26(c), a district court will review the magistrate judge's order for an abuse of discretion. *See Microsoft v. MBC Enterprises*, 2004 WL 3007078, at *8 (10th Cir. Dec. 29, 2004) (district court reviews magistrate judge's discovery order for abuse of discretion; expressing "some concern whether the district court afforded the proper degree of deference to the magistrate judge's discovery order") (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997) (noting that discovery disputes "might better be characterized as suitable for an abuse-of-discretion analysis")); *Cummings v. General Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004) ("It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed. R. Civ. P. 26(c)."); *LaFleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (reviewing magistrate judge's grant of discovery protective order for abuse of discretion).

*Mssrs. Esrey's and LeMay's Knowledge*

Mssrs. Esrey and LeMay assert that this court, in its previous orders, has narrowly defined plaintiff's claims as concerning whether Sprint's Board of Directors knew and failed to disclose material information to investors or, more specifically, whether Sprint's Board of Directors knew

4

that the termination of the employment of Mssrs. Esrey and LeMay was a significant possibility in light of the fact that Mssrs. Esrey and LeMay would face personal bankruptcy if the tax shelters were deemed improper. According to Mssrs. Esrey and LeMay, then, personal financial information of Mssrs. Esrey and LeMay that was not shared with any other Sprint director could not possibly be relevant to plaintiff's claims. The magistrate judge rejected this argument on the grounds that this court did not limit the scope of the case to the knowledge possessed by those with the authority to make decisions about the future employment of Mssrs. Esrey and LeMay and that all defendants' knowledge, including Mssrs. Esrey's and LeMay's own knowledge, concerning Mssrs. Esrey's and LeMay's financial situations at the time the allegedly misleading statements were made is "central to the case."

The magistrate judge's analysis of this court's prior orders is entirely accurate. The court never intended to suggest (and a review of the orders reflects that it did not suggest) that only the Board's knowledge of material facts was pertinent to whether the statements made concerning Mssrs. Esrey's and LeMay's long-term employment were misleading. *See, e.g.*, April 23, 2004 Order at 11 (granting the Sprint defendants' motion to dismiss in all respects except for "plaintiffs' theory that Sprint's statements concerning the long-term employment of Mssrs. Esrey and LeMay were misleading and obligated *the Sprint defendants* to disclose the possibility or inevitability that the employment of Mssrs. Esrey and LeMay would be terminated as a result of the tax shelters"); at 14 (discussing the Sprint defendants' duty to disclose); *and* September 3, 2004 Order at 15 (discussing defendants' knowledge that Mssrs. Esrey's and LeMay's ability to

continue to lead Sprint was in jeopardy).[1] Significantly, both Mr. Esrey and Mr. LeMay signed the SEC filings containing the allegedly misleading statements. Moreover, Mssrs. Esrey and LeMay, at the relevant time, were Sprint's top two executives. The extent of their knowledge concerning the likelihood of their own continued employment (and, more specifically, their knowledge concerning whether their personal financial situations made it likely that their employment would be terminated if the shelters were deemed invalid), then, is highly relevant to whether the statements made in Sprint's SEC filings were misleading. Defendants' objection, then, is overruled.

*The Propriety of the Tax Shelters*

By way of footnote in his order, the magistrate judge noted that the information sought in plaintiff's discovery requests, including documents relating to the tax shelters, might be "highly probative" as to whether the tax shelters were improper, as alleged in plaintiff's second amended complaint. In their motion to review, Mssrs. Esrey and LeMay complain that the magistrate judge's order "assumes improperly that resolution of Plaintiff's claims will require a trial within a trial on the propriety of the tax strategies Defendants employed between 1999 and 2001." While the court agrees with defendants that plaintiffs are not required to prove that the tax shelters were unlawful or improper, the court does not read the magistrate judge's order as suggesting otherwise.

---

[1] While the court has discussed in its prior orders the nature and extent of the Board's knowledge, the court did not do so to the exclusion of any knowledge that Mssrs. Esrey and LeMay may have had.

Rather, the magistrate judge's order simply recognizes–and correctly so–that documents concerning the impropriety of the shelters are relevant to plaintiff's claims.

A critical issue in this case is whether defendants–including Mssrs. Esrey and LeMay as well as Board members–subjectively believed that the IRS, in all likelihood, would determine at some point that the shelters were invalid, thus subjecting Mssrs. Esrey and LeMay to significant tax liabilities and, ultimately, dismissal from Sprint. Documents concerning the impropriety of the tax shelters, then, certainly bear on the issue of defendants' beliefs concerning the impropriety of the tax shelters which, in turn, supports plaintiff's allegations that the statements concerning Mssrs. Esrey's and LeMay's long-term employment at Sprint were misleading when made. This objection to the magistrate judge's order is overruled.

*Remaining Objections*

In their motion to review, defendants also contend that several of the requests propounded by plaintiff are overly broad. This objection was presented to the magistrate judge, albeit in summary fashion. In any event, the magistrate judge did not address the objection and, thus, the court remands the motion to compel to the magistrate judge for the limited purpose of addressing this objection.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Esrey and LeMay's objections to the magistrate judge's July 25, 2005 order (doc. 148) are overruled in part and the underlying motion to compel is remanded in part to the magistrate judge for the limited purpose

of addressing defendants' "overly broad" objection.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2005, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge