IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STATE OF NEW JERSEY and its Division of Investment, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 03-2071-JWL |
| SPRINT CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

**STATUS CONFERENCE ORDER**

On February 15, 2008, pursuant to Fed. R. Civ. P. 16(a), the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference with the parties' attorneys in this complex securities class action case. The lead plaintiff, State of New Jersey, appeared through counsel, Gregory M. Castaldo, Allyn Z. Lite, and Ann M. Dooley. Defendant Sprint Corporation, and all of the individually named defendants except William T. Esrey and Ronald T. LeMay, appeared through counsel, Ronald S. Rolfe and Mark A. Thornhill. Defendants Esrey and LeMay appeared through counsel, James M. Webster, III, Kevin J. Miller, and Lawrence A. Rouse.

The record reflects that, on November 5, 2004, after conferring with counsel, the court entered its "second phase" scheduling order filed (doc. 114). That order bifurcates discovery on liability and damages. Five months is allowed for liability-related deposition and other "written" discovery after the parties file a joint certificate confirming the specific date by

which document-related discovery is complete.  On February 13, 2008, the parties filed a joint certificate stating that document discovery is complete (doc. 222).

This case now is in posture to proceed with discovery on liability issues in accordance with the second phase scheduling order.  During the status conference, all counsel acknowledged they still believe such discovery realistically could be completed within the next five months.  Accordingly, this is to confirm that all deposition and other "written" discovery on liability issues must be completed by **July 14, 2008**.

All of the other deadlines in the second phase scheduling order, to the extent they have not already expired, are incorporated herein by reference.  Without limitation of the foregoing, the court respectfully reminds the parties and counsel that summary judgment motions on liability issues must be filed within 30 days after the close of discovery, which would make that filing deadline **August 13, 2008**.  Further, as relates to the undersigned magistrate judge's pretrial management of this case is concerned, the parties and counsel are reminded, if this case is not dismissed as a result of rulings on the above-described summary judgment motions by the presiding U.S. District Judge, Hon. John W. Lungstrum, then counsel must confer pursuant to Fed. R. Civ. P. 26(f) and then submit to the undersigned's chambers within 21 days of said rulings a detailed report regarding their proposed schedule(s) for conducting remaining discovery on damages, holding a final pretrial conference, filing supplemental summary judgment motions and any *Daubert* motions, other pretrial matters as the court may direct, and setting the case for trial.

Case 2:03-cv-02071-JWL-JPO   Document 223   Filed 02/15/08   Page 3 of 3

During the status conference, the subject of settlement was discussed briefly. Based on the apparent chasm between the parties' stated settlement positions, the undersigned will continue to waive any requirement that the parties engage in any formal efforts with regard to mediation or any other form of alternative dispute resolution. But the undersigned intends to revisit this issue if plaintiffs' claims survive Judge Lungstrum's rulings on defendants' anticipated summary judgment motions.

IT IS SO ORDERED.

Dated this 15th day of February, 2008, at Kansas City, Kansas.

      s/   James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\03-2071-JWL-statconf3.wpd                -3-