IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF NEW JERSEY and its ) <br> Division of Investment, et al., ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v.  ) <br>  ) <br> SPRINT CORPORATION, et al., ) <br>  ) <br> Defendants. ) | Case No. 03-2071-JWL |

## **ORDER**

On July 2, 2009, the undersigned U.S. Magistrate Judge, James P. O'Hara, granted in part and denied in part the motion of the lead plaintiff, State of New Jersey and its Division of Investment, to compel certain discovery from the so-called Sprint defendants, i.e., Sprint Corporation ("Sprint") and all of the individually named defendants other than William T. Esrey and Ronald T. LeMay (doc. 268). As part of its ruling, the court ordered Sprint to produce for in camera inspection unredacted versions of the documents represented in the forty latest entries on the Audit Committee document privilege log (doc. 262, ex. 13).

Sprint timely submitted the documents in issue on July 15, 2009. The court has reviewed the forty documents, many of which constitute duplicates. The court is now prepared to rule on the validity of the Sprint defendants' privilege assertions. The court relies on its thorough review of the attorney-client privilege and the work-product doctrine in its July 2, 2009 memorandum and order and will not repeat the governing law here.

The court finds as follows.  First, all of the logged documents (i.e., entries 204-43) are subject to the attorney-client privilege as asserted by Sprint.  Second, the documents represented in privilege log entries 205, 207-08, 210, 218-20, 222-23, 232, 235, and 237 are protected by the work-product doctrine as asserted by Sprint.  Third, although the Sprint defendants have asserted that the documents represented in privilege log entries 211-16, 226-31, 233-34, and 238-43 are protected by the work-product doctrine, the court respectfully disagrees; but as earlier indicated these documents are subject to attorney-client privilege.  Accordingly, none of the documents represented in the latest forty entries on Sprint's Audit Committee document privilege log are not subject to production in this case.

IT IS SO ORDERED.

Dated this 27th day of July, 2009, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge