# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**State of New Jersey and its**
**Division of Investment,**

      **Plaintiff,**

**v.**                                                                 **Case No. 03-2071-JWL**

**Sprint Corporation; William T. Esrey;**
**Ronald T. LeMay; Harold S. Hook; Charles**
**E. Rice; Louis W. Smith; Linda Koch Lorimer;**
**Stewart Turley; DuBose Ausley; Warren L.**
**Batts; Irvine O. Hockaday, Jr.; Arthur Krause;**
**and J.P. Meyer,**

      **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed this proposed securities fraud class action suit on behalf of persons who purchased or acquired Sprint common stock on the open market from March 1, 2001 through January 29, 2003 (the "Class Period"). This matter is before the court on plaintiff's motion to unseal the record underlying defendants' motions for summary judgment and underlying defendants' motion to exclude the testimony of certain experts designated by plaintiff. As will be explained, the motion is granted in part and denied in part.

By way of background, defendants moved the court for leave to file under seal certain exhibits related to their motions for summary judgment and to exclude experts. In an effort to expedite the processing of the underlying motions, the court summarily granted those motions for leave to file under seal. Soon thereafter, plaintiff filed its motion to unseal those exhibits. During a telephone conference with the parties, the court advised the parties that, because the

motions for leave to file under seal had been summarily granted, it would not treat the motion to unseal as a motion for reconsideration. It further advised the parties that it would resolve the merits of whether the exhibits should be sealed once it had an opportunity to examine those exhibits in connection with the underlying motions. Earlier today, the court filed its memorandum and order granting the motions for summary judgment in their entirety and denying as moot the motions to exclude expert testimony. The court turns, then, to the motion to unseal the record underlying those motions.

Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.* Without question, documents submitted by parties for the court's consideration in connection with a summary judgment motion constitute "judicial records" to which a strong presumption of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 122-23 (2d Cir. 2006) (collecting cases and suggesting that the presumption of access is at its highest in connection with summary judgment motions).

To begin, the court declines to unseal the record underlying the motions to exclude the testimony of certain experts designated by plaintiff. Because the court granted the motions for summary judgment without regard to the testimony of any experts, it denied as moot the motions to exclude the testimony of those experts and did not reach or resolve the merits of those motions

2

in any respect. The rationale underlying the public's right to access is to allow the public an opportunity to assess the correctness of the judge's decision. *Id.* at 123. Because the court made no decision with respect to the expert motions, the need for public monitoring is nonexistent. With respect to the exhibits sealed in connection with the expert motions, then, the court concludes that defendants' articulated interests in confidentiality outweighs the public's right of access.

The court turns to the sealed exhibits underlying the motions for summary judgment. Defendant Sprint and the Board members other than Mssrs. Esrey and LeMay contend that the exhibits that they have filed under seal should remain under seal because those exhibits have been deemed confidential pursuant to the parties' protective order or otherwise contain confidential information.[1] Defendants Mssrs. Esrey and LeMay incorporate this argument, but further highlight the harm they would suffer upon the disclosure of "highly sensitive information," including tax returns and other personal financial information. The court rejects these arguments.

The fact that the exhibits are "confidential" within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record. The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered

---

[1]These defendants further contend that the documents should remain sealed because plaintiff is concerned less about public access than it is about poisoning the waters of the Kansas City community to prejudice defendants at trial. Of course, the court's prior order granting defendants' motion for summary judgment renders this argument moot.

in discovery that are not part of the judicial record. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The disclosure analysis under Rule 26(c) generally balances the need for discovery against the need for confidentiality. *Id.* But once such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher. *Id.* (collecting cases distinguishing between Rule 26(c) and status of materials attached to dispositive motion). Defendants have not satisfied that standard with their general arguments that the documents are "confidential."

Although Mssrss. Esrey and LeMay urge separately that "tax return information" is entitled to the utmost privacy,[2] none of the exhibits filed under seal by defendants contain the actual tax returns of Mr. Esrey or Mr. LeMay.[3] To the extent the exhibits contain certain information garnered from the tax returns of Mr. Esrey and/or Mr. LeMay, such information is quite obviously at the heart of the issues in this case. Particularly where, as here, the court has issued a ruling in full favor of Mssrs. Esrey and LeMay and has, in effect, dismissed plaintiff's case entirely, the investing public surely has a right to know why, how and on what basis the

---

[2]The FOIA cases relied upon by defendants are easily distinguishable as the public interest in disclosure in such cases is relevant only to the extent the disclosure would "contribute significantly to public understanding of the operations or activities of the government." *Consumers' Checkbook, Center for the Study of Servs. v. U.S. Dep't of Health & Human Servs.*, 554 F.3d 1046, 1051 (D.C. Cir. 2009).

[3]In support of its consolidated response, plaintiff has filed under seal two exhibits (Ex. 15 and 16) containing pages of the tax returns of Mr. LeMay. Because these documents contain information about the minor children of Mr. LeMay, the court will order that these exhibits remain sealed. Critically, the pertinent tax information relevant to the issues in the case found in the documents are also available in numerous other documents that the court has unsealed today.

court determined that the investors' case should be terminated.  Moreover, even if the court did not consider or rely on all of the tax information submitted in connection with the motions, such information is "just as deserving of disclosure as those that actually entered into [the court's] decision" so that the public can assess the correctness of that decision.  *Lugosch*, 435 F.3d at 123.

Finally, the court notes that certain exhibits filed under seal by plaintiff contain the personal addresses and social security numbers of Mssrs. Esrey and LeMay and their spouses.  This information, contained in Exhibits 83 through 89; Exhibits 112 and 113; and Exhibits 115 through 117, must be redacted before the exhibits are unsealed.  Counsel for all parties are directed to review all exhibits presently under seal to ensure that social security numbers and personal addresses are redacted prior to unsealing.

For the foregoing reasons, the court concludes that defendants have not rebutted the presumption of public access with respect to any of the exhibits filed under seal in connection with their summary judgment motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to unseal the record underlying the motions for summary judgment and to exclude experts (doc. 425) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties shall submit redacted exhibits to the court via electronic mail (ksd_lungstrum_chambers@ksd.uuscourts.gov)

in PDF format no later than December 30, 2010. At that time, the court will direct the clerk of the court to substitute redacted exhibits for the exhibits presently under seal and will also direct the clerk of the court at that time to unseal documents 421; 422; 424; 443; 460; and 463, including all attachments thereto except Exhibits 15 and 16 to document 443.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
